**FILED**

Jul 06 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Jason Lee | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Case No.   3-21-mj-71118 MAG

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 7, 2019_____ in the county of _____San Francisco_____ in the _____Northern_____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in possession of a firearm |

Penalties:
10 years imprisonment; 3 years supervised release; $250,000 fine; $100 special assessment

This criminal complaint is based on these facts:

See Affidavit of FBI Special Agent G. Bradford May, attached hereto and incorporated by reference

☑ Continued on the attached sheet.

/s/ G. Bradford May
via telephone

*Complainant's signature*

FBI Special Agent G. Bradford May

*Printed name and title*

Approved as to form *Robert David Rees*
AUSA _____

Sworn to before me and signed in my presence.

Date:   7/6/2021   _____

*Judge's signature*

City and state:   _____San Francisco, CA_____

Hon. Alex G. Tse

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, G. Bradford May, Special Agent of the Federal Bureau of Investigation, having been duly sworn, do declare and state:

### INTRODUCTION

1.      This Affidavit is made in support of a Criminal Complaint charging Jason Lee (Lee) with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), on or about November 7, 2019, in the Northern District of California.

2.      The facts set forth in this affidavit are based on my own personal knowledge, information I obtained from other individuals during my participation in this investigation, my review of documents and records related to this investigation, including criminal history documents and police reports, and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of obtaining an arrest warrant, I have not included each and every fact known to me that supports probable cause for arrest.  Rather, I have set forth only the facts that I believe are necessary to support the lawful arrest of the individual listed in this Affidavit.  Further, my understanding of the significance of facts and evidence detailed below may change as I learn new information as a result of my participation in this case.

### AGENT BACKGROUND

3.      I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since October 2007.  I am currently assigned to the San Francisco Field Division of the FBI, where I investigate criminal violations of federal law, with a focus on violent crimes and crimes committed by gang members and associates.  I have received training at the FBI Academy in Quantico, Virginia, to include training on criminal procedure, search and seizure,

MAY AFF. IN SUPPORT OF CRIMINAL COMPL.

violent crimes, and gang organization.  During the course of my career with the FBI, I have participated in numerous investigations involving gang and weapons-related crimes and in the execution of numerous search and arrest warrants relating to such investigations.

4.      I am conducting a criminal investigation of Jason Lee.  As detailed further below, San Francisco Police Department (SFPD) officers found a Ruger LCP .380 pistol, serial number 374-63503 determined to be possessed by LEE on or about November 7, 2019.  Prior to November 7, 2019, Lee had been convicted of multiple felony offenses.

## APPLICABLE LAW

5.      Title 18, United States Code, Section 922(g)(1) provides: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

6.      The elements of the Target Offense are as follows: (1) the defendant knowingly possessed a firearm or ammunition; (2) that firearm or ammunition had been shipped or transported from one state to another, or between a foreign nation and the United States; (3) at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the firearm or ammunition, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

///

///

///

MAY AFF. IN SUPPORT OF CRIMINAL COMPL.

2

## FACTS ESTABLISHING PROBABLE CAUSE

**A.    LEE's Criminal History Includes Multiple Felonies and He Has Been Sentenced to a Term of Imprisonment Exceeding One Year.**

7.     Lee's criminal history extends over a roughly 24-year period and includes multiple state felony convictions, as well as a prior federal felony conviction.

8.     In 1997, Lee was convicted of assault with a deadly weapon, not a firearm, with great bodily injury, likely in violation of California Penal Codeb (PC) section 245(A)(1).  In 1998, Lee was convicted of transport/selling narcotics/controlled substance in violation of California Health and Safety Code (H&S) section 11352(A).  In 1998, Lee was convicted of transport/selling narcotics/controlled substance in violation of H&S section 11352(A).  In 2004, Lee was convicted of battery of a custodial officer in violation of California Penal Code section 243.1.  In 2007, Lee was convicted of obstructing/resisting an executive officer in violation of PC 69.  Convictions for violations of PC 245(A)(1), H&S 11352(A), PC 243.1, and PC 69 are punishable by terms of imprisonment exceeding one year.

9.     On or about February 25, 2009, in the Northern District of California, Lee was convicted of possession of crack cocaine for sale, in violation of 21 U.S.C. § 841(A)(1).  A conviction for a violation of Section 841(A)(1) is punishable by a term of imprisonment exceeding one year.  Lee was ultimately sentenced to 96 months imprisonment.  Following his custodial term, Lee was placed on federal supervised release on or about August 15, 2016, which he continues to serve today.

10.     Based on my training and experience, and given this criminal history, Lee knew he had been convicted of multiple felonies that prevented him from possessing firearms and ammunition.

MAY AFF. IN SUPPORT OF CRIMINAL COMPL.

**B.     SFPD Investigates LEE After He Shot at a Dog in Hilltop Park and Fled Scene.**

11.     On or about November 7, 2019, at approximately 2:50 P.M., a female individual (hereafter, "Victim"[1]) was at Hilltop Park in San Francisco, California with her two small dogs. Per a report from Victim, her dogs were off leash in the park.  Victim stated her dogs barked at Lee, but did not act aggressively toward him or attempt to bite him.  Lee became angry that Victim's dogs were barking at him and threatened to get his own dog to attack Victim and her dogs.  Victim picked up one of the dogs and, while carrying the dog in her arms, began walking back toward her residence.  In response, Lee pulled out a small black pistol from his waistband and fired one shot toward Victim.  The bullet grazed the snout of the dog in the Victim's arms, resulting in a laceration.  Victim confronted Lee and recorded Lee with her cell phone as they began to argue in the street.  Victim saw Lee flee into 25 Garnett Terrace in San Francisco. Victim observed Lee close the door behind him.

12.     A short time later, Victim observed Lee emerge from 25 Garnett Terrace, enter a red Dodge Charger, and fled the area.  Victim contacted SFPD dispatchers.  Victim reported that she believed the California license plate on the Dodge was "8MGD685."  Victim also described Lee as a light-skinned black man in his 40's wearing a do-rag, black jacket with a "W" on it, black t-shirt, and dark blue pants.

///

///

///

---

[1] I know the identity of the VICTIM, but have withheld the VICTIM's name from inclusion in this document given that it will likely be provided to the defendant.

MAY AFF. IN SUPPORT OF CRIMINAL COMPL.

**C.      SFPD Recovers a Loaded Firearm Inside of Lee's Residence at 25 Garnett Street and Ammunition Matches Recovered Shell Casing from Park.**

13.      Soon after Victim contacted SFPD dispatch, officers arrived at the scene and interviewed Victim.  Officers recovered a spent shell casing with "JAG 380 AUTO" on the headstamp from the approximate area where the incident occurred.  Officers then proceeded to 25 Garnett Terrace and ordered everyone inside out of the residence.  Once all the occupants of 25 Garnett Terrace were outside, officers conducted a protective sweep of the residence, and froze it pending a search warrant.

14.      At approximately 3:16 P.M., SFPD officers located a red Dodge Charger bearing California license plate number 8MGB685.  They conducted a traffic stop and determined that the driver, and sole occupant of the Dodge, was Lee.  Further, Lee matched the description of the shooter that Victim had given.  Lee was detained and then arrested after officers conducted a cold show of Lee and Victim identified him as the shooter.  The officers searched the Dodge, but did not find a firearm.  Lee was taken back to SFPD Bayview Station and officers ran a computer check on Lee, which revealed that he was a convicted felon and on active federal probation until August 14, 2022.

15.      Officers then obtained a search warrant for 25 Garnett Terrace in an effort to locate the firearm.  The officers independently established that Lee resided at 25 Garnett Terrace based on the fact that his driver's license listed it as his address and it was the registered address for the Dodge Charger.  The Dodge Charger was also registered under the names Robbie Lee and Jason Lee.  Officers believed that Lee potentially discarded the firearm inside 25 Garnett Terrace after the incident with the Victim and before he left the residence.  SFPD obtained the search warrant at approximately 6:33 P.M.

MAY AFF. IN SUPPORT OF CRIMINAL COMPL.

16.    At approximately 7:00 P.M., SFPD executed the search warrant at 25 Garnett Terrace.  During their search of one of the upstairs bedrooms, officers located pieces of indicia for Lee consistent with his use of the bedroom.  The indicia included a traffic citation from Alameda County with his name and address on it, as well as his photo ID.  Officers also located a Ruger LCP .380 pistol inside the bedroom dresser hidden underneath the bottom drawer.  The officers later determined that the headstamp of the ammunition in the pistol were imprinted with "JAG 380 AUTO," which is the same as the spent shell casing found at the scene of the shooting.

**D.    The Firearm Likely Traveled in Interstate Commerce.**

17.    Based on my training and experience, I know that Ruger does not manufacture any firearms in California.  An examination of the firearm revealed a "RUGER – PRESCOTT – AZ – USA" stamp on the slide.  Further, SFPD officers ran a computer check on the serial number 374-63503 printed on the pistol's receiver and determined that it had been reported as stolen in Georgia.  Therefore, I believe that the Ruger firearm was manufactured outside of California and would have crossed state lines in order to have been located in San Francisco on or about November 7, 2019.

<u>**CONCLUSION**</u>

18.    Based on the information set forth in this Affidavit, I respectfully submit that there is probable cause to believe that on or about November 7, 2019, Jason Lee, committed the federal offense of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

///

///

///

MAY AFF. IN SUPPORT OF CRIMINAL COMPL.

I swear, under penalty of perjury, that the foregoing information is true and correct to the

best of my knowledge and belief.

/s/ G. Bradford May
 via telephone

_____

G. BRADFORD MAY
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me
pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this  6th  day of July, 2021.
This application and warrant are to be filed under seal.

_____

HONORABLE ALEX G. TSE
United States Magistrate Judge