IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>v.<br>JASON LEE,<br>  Defendant. | Case No. 21-cr-00289-CRB-1<br><br>**ORDER DENYING WRIT OF HABEAS CORPUS** |

The Court DENIES Petitioner Jason Lee's petition for habeas corpus for the reasons provided below.

I.  **BACKGROUND**

On July 27, 2021, Lee was charged with a violation of 18 U.S.C. § 922(g)(l), Felon in Possession of a Firearm (Count One), and forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). See Indictment (dkt. 4). On October 28, 2021, the government superseded, charging Lee with a violation of 18 U.S.C. § 922(g)(l), Felon in Possession of a Firearm and Ammunition (Count One) and forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). See Superseding Indictment (dkt. 35). On March 7, 2022, Lee pled guilty to Count One of the Superseding Indictment. Change of Plea Hearing (dkt. 94).

Lee filed, and the Court granted, multiple motions to extend his self-surrender date. See, e.g., Mots. (dkts. 127, 139); Orders (dkts. 128, 135, 142, 143). On December 17, 2022, Lee failed to self-surrender, and the Court granted him an extension to January 17, 2023. See Order on Motion for Warrant (dkt. 149). On January 19, 2023, Lee again failed to self-surrender, and this Court granted the government's motion for a bench warrant. See

id. This Court's understanding is that Lee still has not been taken into custody.

On November 16, 2022, Lee filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Mot. (dkt. 138). The government opposed it. See Opp'n (dkt. 146).

**II.  LEGAL STANDARD**

Federal district courts may grant writs of habeas corpus "within their respective jurisdiction." 28 U.S.C. § 2241(a). Federal courts lack jurisdiction to grant § 2241 habeas petitions where the petitioner seeking relief is not in fact in custody at the time the petition is filed. Ma v. Holder, 860 F. Supp. 2d 1048, 1052 (N.D. Cal. 2012). In addition, a habeas corpus petition "filed pursuant to § 2241 must be heard in the custodial court . . . even if the petition contests the legality of a sentence." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); see also United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) ("[A writ of habeas corpus] . . . can issue only from a [district] court with jurisdiction over the prisoner or his custodian.").

**III.  DISCUSSION**

Lee failed to self-surrender and has apparently remained out of custody. Accordingly, the Court does not have jurisdiction over his motion. See Ma, 860 F. Supp. 2d at 1052 (district courts lack jurisdiction to grant § 2241 petitions where the petitioner seeking relief is not in custody at the time the petition is filed). Even had Lee been in custody at the time that he filed his petition, there is no evidence that this Court is the custodial court. Only the custodial court can adjudicate his motion. See Hernandez, 204 F.3d at 865 (a habeas corpus petition "filed pursuant to § 2241 must be heard in the custodial court . . . even if the petition contests the legality of a sentence.").

**IV.  CONCLUSION**

Accordingly, Lee's motion is DENIED without prejudice.

IT IS SO ORDERED.

Dated: February 21, 2023

CHARLES R. BREYER
United States District Judge